IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY MELFORD SEIDL,

|  |  |
|---|---|
| Plaintiff, | OPINION and ORDER |
| v. |  |
| ELLEN BERZ and TRACY L. MCMILLER, | 25-cv-987-jdp |
| Defendants. |  |

---

Plaintiff Larry Melford Seidl, proceeding without counsel, was detained at the Iowa County jail. Seidl alleges that he told defendant Tracy McMiller, an assistant district attorney, that the victim in his criminal case also committed crimes against him, but McMiller didn't ask further questions or file charges against the victim.[1] Seidl also alleges that defendant Ellen Berz, a state court judge, didn't let him talk about the crimes committed against him during his June 2025 trial.

Seidl's complaint is before the court for screening. I must dismiss any portion of his complaint that is frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I must accept the factual allegations in his complaint as true and interpret his complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Seidl's complaint fails to state a claim for relief.

---

[1] Seidl doesn't identify McMiller as an assistant district attorney, but the court takes judicial notice that she is one. *See State v. Jones*, No. 2019AP932, 2020 WL 13356994 (Wis. Ct. App. Dec. 23, 2020).

Seidl cannot state a claim against McMiller based on these allegations because she is an assistant district attorney entitled to absolute immunity for prosecutorial functions "intimately associated with the judicial phase of the criminal process," including determining whether charges should be brought. *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (citation omitted).

Seidl also cannot state a claim against Berz for the same reason the court dismissed Seidl's previous case against her. No. 25-cv-859-jdp. Judges can't be sued for acts taken in their judicial capacity. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). They are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

I will dismiss the case in its entirety for Seidl's failure to state a claim upon which relief may be granted. When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But amendment would be futile because Seidl's complaint is based on an indisputably meritless legal theory. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

I will direct the clerk of court to record a second strike against Seidl under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Larry Melford Seidl's complaint, Dkt. 1, is DISMISSED with prejudice because it fails to state a claim and is frivolous.

2. The clerk of court is directed to enter judgment and close the case.

3.  The clerk of court is directed to record a second strike under 28 U.S.C. § 1915(g) against Seidl.

Entered April 15, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge